McClendon, J., concurring.
A key issue here is whether filing suit in federal court interrupted the prescriptive period for Mr. Shannon's state law tort claims. As noted by the majority, in order for the federal suit against Warden Vannoy to interrupt prescription against DPSC as a solidary obligor, the federal court was required to be a court of competent jurisdiction and venue.
In in the instant case, Mr. Shannon's action in federal court was dismissed pursuant to F.R.C.P. 12(B)(6) for failure to state a claim upon which relief could be granted under federal law. See Shannon v. Vannoy, No. CV 15-446-SDD-RLB, 2016 WL 1559583 (M.D. La. 2016) (unpublished). A motion under F.R.C.P. 12(b)(1)[1] that dismisses claims based on subject matter jurisdiction should not be confused with a motion under Rule 12(b)(6) that dismisses an action for failure to state a claim for relief under federal or state law because the two are analytically different; as many courts have observed, the former determines whether the plaintiff has a right to be in the particular court and the *454 latter is an adjudication as to whether a cognizable legal claim has been stated. See 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1350 (3d ed. 2017). See also Wheeldin v. Wheeler, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963) (A motion to dismiss for lack of subject matter jurisdiction is not the same as a motion to dismiss for failure to state a federal claim.) "It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 210 (1998).
The federal court did not dismiss Mr. Shannon's action because it lacked subject matter jurisdiction. Rather, it properly dismissed Mr. Shannon's action under F.R.C.P. Rule 12(B)(6) for failure to state a claim upon which relief could be granted under federal law. Accordingly, because the federal court was a court of proper venue and jurisdiction, I concur in the majority's conclusion that Mr. Shannon's federal suit interrupted prescription on his state law tort claims against Warden Vannoy and DPSC.

Rule 12(b)(6) is a defense to a claim for failure to state a claim upon which relief may be granted. In contrast, Rule 12(b)(1) is the defense of lack of subject-matter jurisdiction, which was not raised in the federal proceeding.

A Rule 12(b)(1) motion most typically is employed when the movant believes that the claim asserted by the plaintiff does not involve a federal question, and there is no diversity of citizenship between the parties or, in a diversity of citizenship case, the amount in controversy does not exceed the required jurisdictional amount. Subject-matter jurisdiction often is considered a "threshold issue" for every federal case. See 5B Wright & Miller, Federal Practice & Procedure § 1350.